**SOUTHWIRE COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 24841.

United States Court of Appeals Fifth Circuit.

April 8, 1968.

Frank M. Swift, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, NLRB, Joseph C. Thackery, Atty., NLRB, Washington, D. C., Morgan C. Stanford, Atlanta, Ga. (Intervenor), for respondent.

Adair, Goldthwaite, Standford & Daniel, Atlanta, Ga., Irving Abramson, Gen. Counsel, Ruth Weyand, Associate Gen. Counsel, International Union of Electrical, Radio and Machine Workers, AFL–CIO, Washington, D. C., for Intervenor, Industrial Union Department, AFL–CIO.

Before BROWN, Chief Judge, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Southwire Company has petitioned for a review of the Board's decision (164 N.L.R.B. No. 135, 1967) which held that the company had violated Section 8(a) (1) and (3) of the National Labor Relations Act (29 U.S.C. § 158(a) (1), (3)). Considering the record as a whole, we believe there is ample and substantial evidence to support the Board's order.

■ As to the 8(a) (1) violations, it is clear that Supervisor Warren told employee Bell that Mr. Richards, the company president, had said he would never sign a union contract and that this is a violation of the Act. Also, that Henry Grady Lane, a supervisor, said to new employees at an orientation procedure that if someone was to ask them to sign a union card they should notify the company and "the office would see about them." As the trial examiner pointed out in his decision, Warren, Richards and Lane were not called as witnesses to refute these charges. Lane was no longer an employee of the company, but the record discloses no attempt to have him testify. The company's brief makes no reference to these incidents, nor does it make any attempt to justify them. Thus the 8(a) (1) violations are made out by the evidence of record. There were other such violations charged but we find it unnecessary to consider them here. For that reason we do not pass on the propriety of the flip chart speech made by the company president which the Board found to be a threat to close the plant and cause the loss of jobs to the company's employees.

■ The 8(a) (3) violation was made out by the discharge of Jerry McColley because of his union activities. McColley had been previously discharged unlawfully by the company, but the Board ordered his reinstatement and we enforced the Board's order. See N.L.R.B. v. Southwire Company, 5 Cir., 1965, 352 F.2d 346, 348. McColley returned to work, which was immediately noted by plant supervisors, and he was discharged for alleged solicitation for the union on company time. The record fully supports the Board's findings that he was actually discharged for union activity.

■ The broad order of the Board which requires that Southwire cease and desist from "In any manner interfering with, restraining or coercing employees. * * * " is justified under the circumstances and prior history of this company with the Board and this Court, and we will not interfere with or modify it. See N.L.R.B. v. Southwire Company, 5 Cir., 1963, 313 F.2d 638; N.L.R.B. v. Southwire Company, 5 Cir., 1965, 352 F.2d 346; Southwire Company v. N.L.R.B., 5 Cir., 1967, 383 F.2d 235.

Enforced.